## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GALEN BERRY, an Individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number CIV-06-297-C |
| | ) | |
| BORDERS GROUP, INC., a Michigan | ) | |
| Corporation; EDWARDS BROTHERS, | ) | |
| INC., a Michigan Corporation; and | ) | |
| DONNA SHUBEL, an Individual, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction and

Improper Venue filed by Defendant Donna Shubel (Shubel).  Plaintiff Galen Berry (Berry)

filed a response; therefore, the motion is ripe for disposition.  The Court, upon consideration

of the litigants' submissions and the applicable law, now **GRANTS** Shubel's motion.

### BACKGROUND

Berry is a visual artist whose work product consists of marbling art.  Berry filed the

instant action for both copyright infringement and various state law-based claims against

three defendants domiciled in Michigan:  Borders Group, Incorporated (Borders); Shubel,

Borders' employee; and Edwards Brothers, Inc. (EBI), a book manufacturer.  Berry alleges

that Defendants acquired his copyrighted artwork and, without proper authorization, copied

and distributed it in Borders' stores across the nation, including Oklahoma.  Berry further

alleges that Shubel, as a purchasing manager for Borders, coordinated the acquisition of the

allegedly infringing product from EBI.  Shrubel now moves the Court under Fed. R. Civ. P. 12(b)(2) and (3) to dismiss her from the action for lack of personal jurisdiction and improper venue.

## STANDARD OF REVIEW

The Court has not conducted an evidentiary hearing; thus the jurisdiction question will be decided on the basis of affidavits and other written materials.  Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).  As a result, Berry's burden is light – he must only make a prima facie showing of personal jurisdiction.  Id.  All factual allegations in Berry's complaint are taken as true if uncontroverted by Shubel's evidence and any factual disputes between the parties are resolved in Berry's favor.  Id.  "However, only the well pled facts of [Berry's] complaint, as distinguished from mere conclusory allegations, must be accepted as true."  Id.

## DISCUSSION

The litigants' core dispute is whether the Court may exercise personal jurisdiction over Shubel.  Shubel contends that she lacks minimum contacts with Oklahoma and that asserting jurisdiction over her would be unreasonable.  In support of her argument, Shubel submits an affidavit stating that she is a resident of Michigan, has never been to Oklahoma, and has no contact of any form with Oklahoma other than the fact that she is employed by a company with a retail store in Oklahoma.  (Def.'s Resp., Dkt. No. 20, Ex. 1.)  Berry contends that his complaint establishes a prima facie showing of Shubel's minimum contacts

with Oklahoma such that the exercise of jurisdiction over her comports with traditional notions of fair play and justice.  In his complaint, Berry alleges that

> Defendant Donna Shubel . . . is a purchasing manager . . . employed by Defendant Borders Group, Incorporated.  In her capacity as a purchasing manager, Shubel selects and purchases products for re-sale in the Borders retail stores.  Many of the products selected and/or purchased for re-sale by Shubel, including products containing Plaintiff's original artwork, are sold throughout the United States, including within the State of Oklahoma.

(P.'s Compl., Dkt. No. 1, at 3, ¶ 8.)  Berry further argues that Shubel's direct participation in the acquisition of the infringing products, her knowledge that Borders maintained a retail store in Oklahoma, and her knowledge that Borders would place the infringing products she purchased into the stream of commerce and ultimately onto the shelves of the Oklahoma store, constitutes sufficient grounds upon which the Court may properly exercise personal jurisdiction.

Berry brings the instant action under both diversity of citizenship and federal question jurisdiction.  Regardless of whether Oklahoma law or federal law is consulted, the test for personal jurisdiction is effectively the same, as Oklahoma courts may exercise any jurisdiction consistent with the Oklahoma Constitution and the United States Constitution.  Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1998); 12 Okla. Stat. § 2004(F).  As Shubel contests the Court's exercise of personal jurisdiction over her, Berry bears the burden of proving personal jurisdiction over Shubel.  Rambo, 839 F.2d at 1417.

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts

ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting

Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)).   Shubel must have sufficient

minimum contacts with Oklahoma for the Court to have personal jurisdiction. Int'l Shoe Co.,

326 U.S. at 316.   The minimum contacts standard is applicable to the exercise of either

general or specific jurisdiction.   Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d

1523, 1532-33 (10th Cir. 1996).   For either form of jurisdiction, if minimum contacts are

found, the Court must then ensure that haling Michigan-based Shubel into the United States

District Court for the Western District of Oklahoma is reasonable and does not violate

"traditional notions of fair play and substantial justice."   Int'l Shoe Co., 326 U.S. at 316

(citation omitted); Burger King, 471 U.S. at 476-78; World-Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 292 (1980).

## I.    The Exercise of General Jurisdiction over Shubel.

The Court may exercise general personal jurisdiction over Shubel and subject her to

suit in Oklahoma if she is present within Oklahoma, or her accumulated general business

contacts with Oklahoma are "continuous and systematic."   Helicopteros Nacionales de

Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984); Kuenzle v. HTM Sport-Und

Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996).   The minimum contacts standard is

more stringent under general personal jurisdiction, as the exercise of such jurisdiction may

be premised upon events or actions unrelated to the underlying suit. OMI Holdings, Inc. v.

Royal Ins. Co. of Can., 149 F.3d 1086, 1091 (10th Cir. 1998).   Here, the uncontroverted

evidence demonstrates that Shubel has never been physically present in Oklahoma and Berry

does not allege that Shubel is currently present within Oklahoma.  Moreover, Berry does not allege that Shubel actually solicited business in Oklahoma via telephone, facsimile, e-mail, or postal mail contacts; that Shubel sent agents into Oklahoma on a regular basis to solicit business; that Shubel held herself out to others as doing business specifically in Oklahoma; or that Shubel actually conducted business in the traditional sense within Oklahoma.  See Kuenzle, 102 F.3d at 457 (listing factors courts have considered in determining general jurisdiction).  Indeed, Berry neither seriously maintains, nor do his factual allegations support, the conclusion that Shubel maintained continuous and systematic general business contacts in Oklahoma; therefore, the Court's exercise of general jurisdiction over Shubel would be improper.

## II.     The Exercise of Specific Jurisdiction over Shubel.

The Court may exercise specific personal jurisdiction over Shubel if she has purposefully directed her activities toward Oklahoma, such that she availed herself of the benefits and protections of Oklahoma law, and Berry's claims arise out of or relate to those activities.  Hanson v. Denckla, 357 U.S. 235, 1239-40 (1958); OMI Holdings, 149 F.3d at 1091.  The focus is upon the actions of Shubel herself, not the unilateral acts of another entity.  Hanson, 357 U.S. at 1239-40.  If minimum contacts are found, the Court next determines if the exercise of specific jurisdiction over Shubel would comport with traditional notions of fair play and justice; that is, whether it is reasonable in light of case-specific facts. OMI Holdings, 149 F.3d at 1091.  Here, Berry has neither pleaded nor demonstrated any actions by Shubel, whether as a purchasing manager for Borders or in her individual

capacity, that can be construed as her purposefully directing any activities either within or toward Oklahoma in order to purposefully avail herself of the benefits and protections of Oklahoma's laws.

For the instant action, the record lends itself to the conclusion that Shubel's responsibility is to serve Borders in Michigan and not a specific market or state, as her actions in any capacity were centered wholly in Michigan. Shubel's position as purchasing manager indicates that she was responsible for bringing products into Borders – not for sending the products out to specific markets. The record is devoid of direct allegations, and no reasonable inferences can be drawn from the existing allegation, that Shubel herself was responsible for delivering and placing the products she purchased into the stream of commerce; that she purchased the allegedly infringing products in Oklahoma; that she was responsible for selling the allegedly infringing products in Oklahoma; or that she was expressly responsible for serving or stocking the Oklahoma retail store. Her knowledge that Borders maintained an Oklahoma store and that products she purchases may, or even will, travel to that store is insufficient to indicate an intent on her part to purposefully serve the Oklahoma market. See Asahi Metal Ind. Co., Ltd. v. Superior Ct. of Cal., Solano Cty., 480 U.S. 102, 112 (1987). It is unreasonable to presume that Shubel should reasonably anticipate out-of-state litigation merely because she purchased goods in Michigan that her employer subsequently chose on its own to send to its Oklahoma retail store. Border's actions are not attributed to Shubel for purposes of determining specific personal jurisdiction. Hanson, 357 U.S. at 1239-40. The Court concludes that the minimum contacts standard is not met, as

Shubel has not purposefully directed her activities toward Oklahoma; therefore, the Court's exercise of specific jurisdiction over Shubel would also be improper.[*]

CONCLUSION

The Court finds that Berry has failed to make the prima facie showing that the Court may properly exercise personal jurisdiction over Michigan-based Shubel; therefore, her Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue [Dkt. No. 20] is **GRANTED**.  Shubel is **DISMISSED WITHOUT PREJUDICE** from the instant action.

IT IS SO ORDERED this 16th day of June, 2006.


_____
ROBIN J. CAUTHRON
United States District Judge

---

[*] Since Berry failed to show that Shubel purposefully established minimum contacts with Oklahoma, it is unnecessary to determine if exercising personal jurisdiction over Shubel would be reasonable and that it comports with notions of fair play and justice.