# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

GALEN BERRY, an Individual,     )
     )
     Plaintiff,     )
     )
v.     )     Case Number CIV-06-297-C
     )
BORDERS GROUP, INC., a Michigan     )
Corporation; and EDWARDS BROTHERS,     )
INC.,     )
     )
     Defendants.     )

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion to Dismiss State Claims filed by Defendants. Plaintiff Galen Berry (Berry) filed a response; therefore, the motion is ripe for disposition. The Court, upon consideration of the litigants' submissions and the applicable law, now **GRANTS** Defendants' motion.

## BACKGROUND

Berry is a visual artist whose work product consists of marbling art. Berry filed the instant action for, inter alia, state law-based claims of breach of contract[1] and interference with prospective business interests.[2] Berry alleges that Defendants acquired his copyrighted artwork and, without proper authorization, copied and distributed it in Borders' stores across the nation,

---

[1] Berry's breach of contract claim is premised upon his ability to enforce a contract as an intended third-party beneficiary.

[2] Berry previously dismissed without prejudice his state claim of conversion. (Stipulation of Dismissal, Dkt. No. 32.)

including Oklahoma.  Defendants now move the Court under Fed. R. Civ. P. 12(b)(6) to dismiss all state causes of action for failure to state a claim upon which relief may be granted.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes the Court to dismiss any claim made by Berry where it appears beyond doubt that the claim is legally insufficient; that is, Berry can prove no set of facts sustaining the claim and entitling him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In adjudicating Defendants' Rule 12(b)(6) motion, the Court assumes all well-pleaded facts, as opposed to conclusory allegations, in Berry's complaint are true, views those facts in the light most favorable to Berry, and resolves all reasonable inferences in his favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  "[T]he Federal Rules of Civil Procedure erect a powerful presumption against rejecting [Berry's complaint] for failure to state a claim."  Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir.1985).  Therefore, dismissal under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986).  The Court construes Berry's complaint so as to do substantial justice.  Fed. R. Civ. P. 8(f).

## DISCUSSION

Defendants proffer two arguments in support of their motion to dismiss: that each of Berry's state causes of action are preempted by the federal Copyright Act of 1976, 17 U.S.C. § 101, et seq. (FCA), and that Berry has failed to allege facts sufficient to state a claim for relief under Oklahoma law.  In response, Berry contends that his state causes of action are

qualitatively distinct so as to not be preempted by the FCA, and that his complaint sufficiently states all essential elements of his state causes of action. In addition, Berry contends that Defendants should be equitably estopped from asserting that he cannot state a claim for breach of contract. The Court finds Defendants' preemption arguments persuasive.

## I.    Federal Preemption Under the FCA.

The FCA preempts a state cause of action if the disputed work is within the FCA's subject matter scope and the state law rights are equivalent to any of the exclusive rights guaranteed by the FCA. Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1542-43 (10th Cir. 1996). Section 106 of the FCA grants to the copyright owner the exclusive rights to reproduce, prepare derivative works, distribute, perform, and display the copyrighted work. Id. at 1543. The FCA "'preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'" Id. (quoting Computer Assocs. Int'l., Inc. v. Altai, Inc., 982 F.2d 693, 716 (2d Cir. 1992). Here, the litigants do not dispute that Berry's works fall within the FCA's subject matter scope; accordingly, the Court's focus is upon the equivalency element of the preemption analysis.

To determine equivalency, the Court applies the "extra element" test; that is, the Court compares the elements of a copyright infringement claim to the elements of the asserted state claim. Harolds Stores, 82 F.3d at 1543. The Court does not focus upon the facts pleaded to support the state claim. Id. If the state claim requires an extra element beyond the actions enumerated in § 106, the state claim is qualitatively different and thus not preempted. Id.

A.      Equivalency Analysis – Breach of Contract.

To prove copyright infringement, Berry must demonstrate that he owns a valid copyright and that Defendants copied original and protectable elements of his copyrighted work.  Id.  To prove breach of contract under Oklahoma law, Berry must demonstrate the formation of a contract, a failure to perform, and resulting damages.  See OUJI 23.1.  Here, the crux of Berry's breach of contract claim is that he is the intended third-party beneficiary of any contracts for the copying, reproduction, distribution, and sale of his copyrighted works.  (See Pl.'s Compl., Dkt. No. 1, at 6, ¶ 23.)  Berry also states that he has the right to recover all monies to which he would have been entitled had Defendants not infringed his copyrighted works.  (Id. at ¶ 24.)  Under the facts, Berry's copyright and Defendants' infringement thereof are the only allegations to support his third-party beneficiary breach of contract claim.  The state law right Berry asserts is equivalent to the exclusive rights guaranteed by the FCA as no extra element is required.  See Harolds Stores, 82 F.3d at 1542-43.  As a result, Berry's breach of contract claim is preempted and dismissal is appropriate.  Id.

B.      Equivalency Analysis – Interference with Prospective Business Interests.

To prove an interference with prospective business interests claim, Berry must demonstrate that a valid business expectancy existed; Defendants' knowledge of the business expectancy; Defendants' intentional interference causing the termination of the business expectancy; and resulting damages.  Boyle Servs. Inc. v. Dewberry Design Group, Inc., 2001 OK CIV APP 63, ¶ 6, 24 P.3d 878, 880 (2001).  Here, the crux of Berry's interference claim is Defendants' copying, reproducing, distributing, and selling of Berry's copyrighted works.

-4-

(Pl.'s Compl., at 6, ¶ 26.)  Defendants' actions concern the same bundle of rights protected by FCA § 106, the violation of which constitutes copyright infringement.  That Berry's interference claim requires the additional elements of awareness and intent, "not part of a copyright infringement claim, goes merely to the scope of the right; it does not establish qualitatively different conduct on the part of the infringing party, nor a fundamental nonequivalence between the state and federal rights implicated."  Harper & Row Publishers, Inc. v. Nation Enters., 723 F.2d 195, 201 (2d Cir. 1983), rev'd on other grounds, 471 U.S. 539 (1985); accord Stromback v. New Line Cinema, 384 F.3d 283, 306 (6th Cir. 2004).  Berry's interference claim is not qualitatively different from a copyright infringement claim; therefore, it is preempted by the FCA and dismissal is appropriate.  Stromback, 384 F.3d at 306-07.

## CONCLUSION

Defendants' Motion to Dismiss State Claims [Dkt. No. 22] is **GRANTED** as delineated more fully herein.  Berry's state law-based claims for breach of contract and interference with prospective business interests, as currently framed, are preempted by the FCA; therefore, they are **DISMISSED WITHOUT PREJUDICE**.

IT IS SO ORDERED this 13th day of July, 2006.


ROBIN J. CAUTHRON
United States District Judge