IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

GALEN BERRY, an Individual,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)　　　　Case Number CIV-06-297-C
　　　　　　　　　　　　　　　　　　　　)
(1) BORDERS GROUP, INC., a Michigan　)
Corporation; (2) EDWARDS BROTHERS, )
INC.,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　　)

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff filed the present action asserting violations of the Copyright Act and the Lanham Act.[1]  Plaintiff alleged that Defendants violated Plaintiff's copyright protection for two pieces of his original artwork by putting Plaintiff's artwork on the covers of journals and sketchbooks sold at Borders-owned retail stores.  (Compl., Dkt. No. 1., ¶¶ 1, 3, 10-16.)  Plaintiff also alleged that Defendants engaged in unfair competition and false misrepresentation of origin in violation of the Lanham Act.  (Compl. ¶¶ 17-21.)  In response to Defendants' motion for summary judgment (Defs.' Mot. Summ. J., Dkt. No. 42), Plaintiff filed a motion to stay or strike the Court's ruling, wherein he admits that the "the artwork for which [he] secured federal copyright registrations [was] not the identical artwork which

---

[1]  Originally Plaintiff also asserted state law claims against Defendant, but these have all been either voluntarily withdrawn or dismissed by the Court in its Order of July 13, 2006. (Dkt. No. 39.)

rightfully forms the basis for the instant suit." (Pl.'s Mot., Dkt. No. 44, at 1.)[2]  In response, Defendants contended that Plaintiff's admission demonstrates that the Court lacks subject matter jurisdiction under the Copyright Act and so their motion for summary judgment should be granted.  (Defs.' Mem., Dkt. No. 46, at 4.)  Defendants also filed a motion for a protective order suspending discovery.  (Defs.' Mot., Dkt. No. 47.)

The Court issued a Memorandum Opinion and Order construing Defendants' response as a Fed. R. Civ. P. 12(b)(1) motion to dismiss that mounted a factual attack questioning the existence of subject matter jurisdiction itself.  (Order, Dkt. No. 48.)  This Order directed Plaintiff to file a response to the 12(b)(1) motion and to show cause why the Court should not dismiss the instant action.  Plaintiff filed a response stating that he has now submitted the subject artwork for copyright protection and seeking leave to amend his Complaint to cure any jurisdictional defects.  (Pl.'s Resp., Dkt. No. 49.)  Defendants filed a memorandum opposing Plaintiff's motion to amend, and Plaintiff has filed a surreply.

## I. COPYRIGHT ACT CLAIMS

*A.  Standard of Review*

The standard of review for motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) is set forth in Holt v. United States, 46 F.3d 1000 (10th Cir. 1995).

First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial

---

[2] Plaintiff states that the Court, during the status and scheduling conference, directed him to file an amended complaint.  To the contrary, the Court suggested that the filing of a motion for leave to file an amended complaint was the appropriate procedural device to raise the issue.

2

attack on the complaint, a district court must accept the allegations in the complaint as true.

Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).

Id. at 1002-03 (citations omitted).

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. 506, 514 (1868). "[L]ack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974).

In this case, Defendants challenge the facts upon which the Court's subject matter jurisdiction exists. Therefore, the Court has wide discretion to consider documents outside the complaint when resolving the jurisdictional question without converting the motion to dismiss to a Rule 56 summary judgment motion. Holt, 46 F.3d at 1002-03. Furthermore, the Court need not convert the motion into one under Federal Rules of Civil Procedure 12(b)(6) or 56 as the jurisdictional question is not intertwined with the merits of Berry's action. Holt, 46 F.3d at 1002-03; see La Resolana Architects, PA v. Clay Realtors Angel Fire, 416 F.3d

3

1195, 1208 (10th Cir. 2005) (affirming trial court's Rule 12(b)(1) dismissal of Copyright Act claim for lack of subject matter jurisdiction).  At issue is whether Plaintiff has satisfied the jurisdictional prerequisites for bringing suit in this Court.  Thus, in resolving Defendants' motion, it is not necessary to consider the merits of Plaintiff's claim.

*B. Copyright Act Jurisdiction*

Federal courts have exclusive jurisdiction over disputes arising under the Copyright Act.  See 28 U.S.C. § 1338(a).  Under 17 U.S.C. § 411(a), no person can begin an action for infringement of a copyright "until preregistration or registration of the copyright claim has been made in accordance with this title,"[3] or, alternatively, until the registration has been refused and the applicant serves a copy of its complaint on the Register of Complaints.  For Plaintiff to prevail on his copyright infringement claim, he is required to establish:  "(1) that [he] possesses a valid copyright and (2) that Defendants 'copied' protectable elements of the copyrighted work."  Country Kids 'N City Slicks, Inc. v. Sheen, 77 F.3d 1280, 1284 (10th Cir. 1996) (footnote omitted).

Plaintiff has admitted that when he filed his original Complaint on March 22, 2006, he had not received statutory copyright protection for the contested artwork nor even submitted the items to the U.S. Copyright Office.  Thus, it would appear that Defendants are

_____

[3] The "preregistration" language was added to § 411(a) on April 27, 2005, so it has not yet been thoroughly addressed in case law.  However, the new categorization is not relevant here.  Preregistration is available under 17 U.S.C. § 408(f) to those works that have "a history of infringement prior to authorized distribution," including motion pictures, sound recordings, and other works being prepared for commercial distribution. 37 C.F.R. § 202.16(b)(1)-(2).  Plaintiff's designs are not eligible for preregistration. Id. § 202.16(b)(3).

correct in asserting that the Court lacks subject matter jurisdiction for a Copyright Act claim. Plaintiff, however, requests leave to amend his Complaint to reflect two subsequent transactions.  On July 7, 2006, Plaintiff submitted two works of art to the Copyright Office. And on August 24, 2006, Plaintiff received a confirmatory e-mail indicating that the Copyright Office was currently processing the works – a four- to six-month process – and that "registration is effective . . . on the date of receipt of the submission."  (Pl.'s Resp., Ex. 6, Dkt. No. 49.)

Plaintiff argues that under the Tenth Circuit's "registration" approach to examining effective copyright protection, these recent communications entitle him to bring suit under the Copyright Act, and he should be allowed to amend his Complaint to reflect that subject matter jurisdiction now exists.  Despite his recent interaction with the Copyright Office, however, his Copyright Act claims are still subject to dismissal for lack of subject matter jurisdiction.

First, it is clear that Plaintiff's original complaint did not satisfy the jurisdictional requirements for his action to continue.  Regardless of the intricacies of defining "registration," as of March 22, 2006, when Plaintiff filed his complaint, he had not made any contact with the Copyright Office regarding the allegedly infringed works.  The Copyright Office had issued nothing to indicate that Plaintiff's works would be protected under the Copyright Act.  Any copyrights Plaintiff holds for his other works are irrelevant to the case at hand.  Therefore, no "registration of the copyright claim ha[d] been made in accordance

with [17 U.S.C. § 411(a)]," and Plaintiff could not bring suit in federal court via his original complaint under the provisions of the Copyright Act.

Second, even assuming the Court were to grant Plaintiff leave to amend his Complaint to reflect his recent submissions to the Copyright Office, the Court would not maintain subject matter jurisdiction over the instant action. In the Tenth Circuit, it is clear that courts apply the "registration approach" to determine whether a plaintiff has a protected copyright under the Copyright Act provisions. La Resolana Architects, 416 F.3d at 1202. Under this approach, a federal court lacks jurisdiction over a copyright infringement claim until the Copyright Office takes action on the copyright application. Id. at 1201. Although this action does not have to consist of Plaintiff's receipt of a paper certificate of registration, id. at 1202, the "Register of Copyrights must affirmatively determine copyright protection is warranted, § 411, before registration occurs under the Act." Id. at 1200. Although some circuits do follow the "application approach," where jurisdiction is satisfied by the applicant merely depositing his work with the Copyright Office and paying the required fee, the Tenth Circuit has definitively rejected such an approach. Id. at 1203-08. In the Tenth Circuit, "suits for infringement can be brought when a copyright is registered, and such registration occurs when the Copyright Office *approves* the application." Id. at 1203 (emphasis added).

Plaintiff's argument that because his confirmatory e-mail contains the words "registration is complete" his submitted works are "registered" under § 411, is ultimately unpersuasive. Though the e-mail is potentially misleading, it is clear from its context that this missive was sent solely to confirm that the Copyright Office had received Plaintiff's

artwork and that the works are "currently in process."  The e-mail was sent at the request of

Plaintiff's attorney, and it contains no indication as to whether Plaintiff's works will

ultimately be granted copyright protection.  The Tenth Circuit has noted that "[n]o language

in the Act suggests that registration is accomplished by mere receipt of copyrightable

material by the Copyright Office. . . .  [O]nly upon registration or refusal to register is a

copyright holder entitled to sue for copyright infringement under § 411."  Id. at 1200-01.

Thus, allowing Plaintiff to amend his complaint as requested would not cure its jurisdictional

defects.

As a result, it appears that Berry's action is premature and that the Court never

maintained subject matter jurisdiction over the copyright claims.  La Resolana Architects,

416 F.3d at 1199-1205.  Because the Court lacks power to rule on a substantive motion or

enter judgment, it may only announce its lack of subject matter jurisdiction and dismiss the

action.  Cunningham v. BHP Petroleum Great Britain PLC, 427 F.3d 1238, 1245 (10th Cir.

2005); Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317-18 (10th Cir. 2005).

## II. LANHAM ACT CLAIM

Plaintiff's remaining federal claim lies under § 43(a) of the Lanham Act, 15 U.S.C.

§ 1125(a).  Plaintiff alleged that Defendants engaged in unfair competition by falsely

misrepresenting the origin of the designs (allegedly created by Plaintiff) on the products they

manufactured and sold for retail.  (Compl. ¶¶ 17-21.)  Defendants filed for summary

judgment on this claim, and Plaintiff filed a response.  Defendants entered a reply and

Plaintiff then entered a surreply, although the latter three pleadings addressed the Copyright Act claims rather than the Lanham Act claim.  The motion is now ripe for disposition.

*A. Summary Judgment Standard*

A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  A fact is material if it is essential to the proper disposition of the claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves."  Celotex, 477 U.S. at 324.  "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court."  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

*B.  The Lanham Act*

Section 43(a) of the Lanham Act creates a federal remedy for a plaintiff against

> [a]ny person who, on or in connection with any goods or services, or any
> container for goods, uses in commerce any word, term, name, symbol, or
> device, or any combination thereof, or any false designation of origin, false or
> misleading description of fact, or false or misleading representation of fact,
> which–
>> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as
>> to the affiliation, connection, or association of such person with another
>> person, or as to the origin, sponsorship, or approval of his or her goods,
>> services, or commercial activities by another person, or
>> **(B)** in commercial advertising or promotion, misrepresents the nature,
>> characteristics, qualities, or geographic origin of his or her or another
>> person's goods, services, or commercial activities.

15 U.S.C. § 1125(a).  Section 43(a) encompasses both "passing off," where a producer

misrepresents his goods or services as those of someone else, and "reverse" passing (or

palming) off, where a person "misrepresents someone else's goods or services as his own."

Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 27 n.1 (2003).  Several

Circuits have noted that

> [i]n order to recover on a Lanham Act claim for "reverse palming off," a
> plaintiff must prove:
>> (1) that the work at issue originated with the plaintiff;
>> (2) that origin of the work was falsely designated by the defendant;
>> (3) that the false designation of origin was likely to cause consumer
>> confusion; and
>> (4) that the plaintiff was harmed by the defendant's false designation
>> of origin.

Syngenta Seeds, Inc. v. Delta Cotton Co-op., Inc., 457 F.3d 1269, 1277 (Fed. Cir. 2006)

(citing Lipton v. Nature Co., 71 F.3d 464, 473 (2d Cir. 1995)).

9

*C. Analysis of Lanham Act Claim*

Plaintiff's complaint attempts to state a claim for "reverse passing off" because it alleges that Defendants misrepresented Plaintiff's works (the "goods") as their own.  Hence, under § 43(a) Plaintiff must show that Defendants' actions were likely to cause confusion, mistake, or deception regarding the "origin" of the goods Defendants offered for sale – the journals and sketchbooks.  Defendants filed for summary judgment, contending that the allegations in Plaintiff's complaint cannot state a claim for reverse passing off in light of the Supreme Court's definition of "origin" under § 43(a).  Although Plaintiff timely filed a response to the motion for summary judgment, he has offered no specific facts showing any genuine issue of material fact in that response or in any subsequent pleading.  The Court finds Defendants' Dastar analogy to be sound, and Plaintiff has not attempted to controvert this argument.

Even assuming that Plaintiff is indeed the creator of the artwork on the covers of Defendants' products, Plaintiff himself is not the "origin" of the tangible product.  In Dastar, the Supreme Court determined that "the most natural understanding of the 'origin' of 'goods'–the source of wares–is the *producer of the tangible product* sold in the marketplace." Dastar, 539 U.S. at 31 (emphasis added).  According to the Supreme Court, "the phrase 'origin of goods' is in our view incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain." Id. at 32.  Plaintiff admitted that he is not the manufacturer of journals or sketchbooks that feature the contested artwork. (Defs.' Mot. Summ. J., Dkt. No. 42, Ex. 2, at 12.)  Under Dastar, "origin of goods" in the

10

Lanham Act means "the producer of the tangible goods that are offered for sale" (Defendants); it does not refer to "the author of any idea, concept, or communication embodied in those goods" (allegedly, Plaintiff). <u>Dastar</u>, 539 U.S. at 37.  Thus, Defendants are entitled to judgment as a matter of law on Plaintiff's Lanham Act claim.

### III. CONCLUSION

The Court lacks subject matter jurisdiction over the Plaintiff's Copyright Act claims. Therefore, Plaintiff's Motion to Stay or Strike (Dkt. No. 44) is denied; Defendants' Motion to Dismiss (Dkt. No. 46) is GRANTED as to those claims and Plaintiff's Copyright Act claims are DISMISSED without prejudice for lack of subject matter jurisdiction.  All prior orders relating to the Copyright Act claims are vacated.

Defendants' Motion for Summary Judgment (Dkt. No. 42) is GRANTED as to Plaintiff's Lanham Act claim.  Judgment will be entered accordingly.  Defendants filed a motion for entry of a protective order suspending discovery in this case on August 7, 2006. (Dkt. No. 47.)  The disposition of this Order renders Defendants' claims in that motion MOOT.

IT IS SO ORDERED this 25th day of September, 2006.

ROBIN J. CAUTHRON
United States District Judge

11